# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FELICIA ANN MORROW,** | ) |
| Plaintiff, | ) No. 16 C 8430 |
| v. | ) Magistrate Judge M. David Weisman |
| **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Felicia Ann Morrow brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

## Background

Plaintiff applied for benefits on July 5, 2012, alleging a disability onset date of June 1, 2012. (R. 103, 114.) Her application was initially denied on November 13, 2012, and again on reconsideration on May 31, 2013. (R. 114, 131.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on October 17, 2014. (R. 34-102.) On February 27, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 13-28.) The Appeals Council declined to review the decision (R. 1-4), leaving the ALJ's decision as the final decision of the

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Sept. 8, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the

burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "left knee degenerative joint disease status post arthroscopic surgery; right knee degenerative joint disease; lumbar and thoracic degenerative joint disease; depression/post-traumatic stress disorder; pulmonary hypertension/hypertension; asthma, history of substance abuse, and obesity." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (R. 16.) At step four, the ALJ found that plaintiff cannot perform her past relevant work but has the residual functional capacity ("RFC") to perform sedentary work, "understand, remember, and carry out simple work instructions[,] exercise simple workplace judgments[,] . . . [and] perform routine work involving no more than occasional decisions and . . . occasional contact with co-workers, supervisors, and the general public." (R. 18, 26.) At step five, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 26-28.)

Plaintiff contends that the ALJ's RFC determination is erroneous because it does not account for her "moderate difficulties" in maintaining concentration, persistence or pace. (R. 18.) Presumably, the ALJ meant to address this issue by limiting plaintiff to "routine work" with occasional contact with others. (*Id.*) The Seventh Circuit has said, however, that "'confining the claimant to simple, routine tasks and limited interactions with others [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace.'"

*Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)).

The Commissioner's attempt to distinguish the circumstances presented here from Seventh Circuit case law that dictates remand is unavailing. (Def.'s Mem. Supp. Mot. Summ. J., Dkt. 34 at 4.) The Commissioner acknowledges that cases such as *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010) suggest remand is appropriate, but attempts to differentiate this case by arguing that any deficiencies here are not fatal. We disagree. First, we see no reason why the general rule that all limitations regarding the plaintiff's ability to concentrate should be included in the hypothetical posed to the VE was not followed here. Second, the Commissioner argues that plaintiff does not identify how any omissions in the VE's assessment would have impacted the final RFC. But this argument effectively rearranges the applicable burden of proof, which would be error as well. *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004). Thus, the case must be remanded for a new RFC determination.

Plaintiff also argues that the ALJ erred in accepting the vocational expert's ("VE's") testimony without an explanation of her methodology and production of the documents underlying it. The VE testified that plaintiff could work as: (1) a sorter, and that the number of such jobs in the local and national economies "reduced . . . to take into consideration the sit/stand option [in plaintiff's RFC]" is 700 and 49,000, respectively; (2) an assembler, and that the number of such jobs, appropriately reduced, in the local and national economies is 1,600 and 53,000, respectively; and (3) a packer, and that the number of such jobs, appropriately reduced, in the local and national economies is 2,100 and 61,000, respectively. (R. 77-78.) The VE said the "numbers . . . come from United States Department of Labor and the U.S. Census Bureau" as well as her "professional experience and training of placing individuals in employment." (R.

80.) The VE testified that her decision to reduce the government jobs numbers by fifty percent to account for the sit/stand option was "based on . . . what I see when I do job placement for my clients or when I do labor market surveys or applying for jobs for my clients." (R. 80-81.)

During the hearing, plaintiff's representative questioned the reliability of the VE's methodology and asked for production of the labor surveys on which her testimony was based (R. 81, 101), a request the VE ultimately rejected (R. 27.) Though an ALJ can depend on reliable VE testimony, and a VE is "free to give a bottom line, the data and reasoning underlying that bottom line must be available on demand if the claimant challenges the foundation of the vocational expert's opinions." *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004) (per curiam) (quotations omitted). Such was the case here. Thus, the ALJ erred by refusing plaintiff's request for production of the VE's surveys.[2]

Plaintiff further contends that the ALJ erred by failing to obtain a medical opinion from a doctor who had reviewed the entire record. This was necessary, plaintiff says, because she submitted additional medical evidence, including two treating source opinions, after the agency reviewers opined on her condition. However, the ALJ was able to and did consider the additional medical evidence in making his determination. (*See* R. 25-26 (ALJ stating that he gave "limited weight" to the agency examiners' determination that plaintiff had the RFC to do medium level work with certain restrictions because "the subsequent evidence shows [plaintiff] is more limited.").) In fact, "[w]eighing conflicting evidence from medical experts . . . is exactly what [an] ALJ is required to do." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Thus, the ALJ was not required to have a doctor opine on the conflicting medical evidence, and he was not "playing doctor" when he weighed it himself.

---

[2] We are not persuaded by the Commissioner's reliance on *Britton v. Astrue*, 521 F.3d 799 (7th Cir. 2008). (Def.'s Mem. Supp. Mot. Summ. J., Dkt. 34 at 6.) In *Britton*, the VE offered to produce the records on which she relied, but the claimant's counsel refused the offer. In this case, no offer of production was ever made.

Plaintiff's final argument is that the Appeals Council ("AC") erred in refusing to consider evidence about available jobs that plaintiff submitted after the hearing. The regulation governing this issue was amended effective January 17, 2017. *See* 20 C.F.R. 404.970. Under both the former and current versions of the regulation, however, the AC is required to consider evidence submitted to it only if the evidence is "new" and "material." *Compare id., with* 20 C.F.R. 404.970(b) (eff. to Jan. 16, 2017). As the Seventh Circuit has explained, however, the Court's ability to review the AC's decision "is dependent on the grounds on which the Council declined to grant plenary review." *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015). If the AC determined that the evidence plaintiff submitted was not "new and material" within the meaning of the regulation, the Court has "jurisdiction to review that conclusion for legal error." *Id.* If the AC found that the evidence was new and material but denied review of the ALJ's decision because the supplemented record did not show that the ALJ's decision was contrary to the weight of the evidence, "the Council's decision not to engage in plenary review is discretionary and unreviewable." *Id.* (quotation omitted).

In relevant part, the AC stated: "[W]e considered the reasons you disagree with the decision in the material listed in the enclosed Order . . . . We found that this information does not provide a basis for changing the [ALJ's] decision." (R. 2.) The Seventh Circuit has interpreted similar language to mean that the AC did not find the supplementary evidence to be new and material, a conclusion this Court can review. *Id.*

Evidence is "new," within the meaning of the regulation, if it was "not in existence or available to the claimant at the time of the administrative proceeding," and "material" "if it creates a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Stepp*, 795 F.3d at 725-26 (quotations omitted).

Though the jobs data plaintiff submitted existed at the time of the hearing, she contends that it should nonetheless be considered "new" evidence because she did not know until the ALJ denied her request for production of the VE's surveys in his written decision that the evidence would be needed.

The Court disagrees. First, the evidence does not fall within the plain meaning of the word "new" as it is used in the regulation. *See id.* Second, the evidence plaintiff submitted calls into question the VE's testimony about the number of jobs available to plaintiff. Immediately after the VE testified, plaintiff could have asked the ALJ for permission to submit additional jobs data for his consideration before he issued his opinion. Her failure to do so does not make existing evidence "new," and therefore the AC's failure to consider it was not error.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [33], reverses the decision of the Commissioner, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                           **ENTERED: September 20, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**